UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PRISCILLA CHAVOUS,

                               Plaintiff,                    5:22-cv-811 (AMN/TWD)

v.

HOUSING VISIONS UNLIMITED, INC., MARY
A. MARRONE, and JENNIFER ST. MARKS,

                               Defendants.
_____

**APPEARANCES:**

**PRISCILLA CHAVOUS**
139 Maple Ter.
Syracuse, NY 13210
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.    INTRODUCTION

On August 1, 2022, Plaintiff *pro se* Priscilla Chavous commenced this action against Housing Visions Unlimited Inc., Mary A. Marrone, and Jennifer St. Marks (collectively "Defendants"). Plaintiff filed a form-complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. ("Complaint"). *See* Dkt. No. 1. Specifically, Plaintiff alleges violations of the ADA that stem from the following conduct: "failure to make alterations to accommodate disability," "retaliation," and "other acts" in that "Housing Visions and its staff harass and intimidate. They want the apartment to get more rent. They are trying to evict me from the apartment. They do not identify themselves." *Id*. at 4.

Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was

referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on October 17, 2022, issued an Order and Report-Recommendation ("Report-Recommendation") granting Plaintiff's application to proceed IFP for purposes of initial review, and recommending that Plaintiff's Complaint be dismissed with leave to amend. *See* Dkt. No. 3 at 10.[1]  Magistrate Judge Dancks advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10 & n.8.  Plaintiff has not filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Complaint be dismissed without prejudice and with leave to amend within 30 days.

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] For a complete recitation of Plaintiff's allegations of wrongful conduct, the parties are referred to the Report-Recommendation.  *See* Dkt. No. 3 at 3-5.

**III.     DISCUSSION**

Because Plaintiff has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 3 at 2-3 (citing, *inter alia*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).  Magistrate Judge Dancks determined that the allegations in Plaintiff's Complaint do not state a claim for discrimination under the ADA on the basis of employment (Title I),[2] access to public services (Title II),[3] enjoyment of the services provided by a public accommodation (Title III),[4] or telecommunications (Title IV).[5]  Dkt. No. 3 at 5-8.  Magistrate Judge Dancks further determined that Plaintiff's Complaint does not allege facts to support a claim that Defendants retaliated against her in violation of Title V of the ADA.[6]  *Id.* at 8.  The Court agrees with Magistrate Judge Dancks' analysis of Plaintiff's claims pursuant to Titles I-V of the ADA.

---

[2] *See* Dkt. No. 3 at 5 (citing 42 U.S.C. § 12117 and *Mary Jo C. v. New York State Local Retirement Sys.*, 707 F.3d 144, 169 (2d Cir. 2013)).

[3] *See* Dkt. No. 3 at 6 (citing *Brennan v. NCAComp Inc.*, No. 3:22-CV-0127 (GTS/ML), 2022 WL 4290660, at *7 (N.D.N.Y. Apr. 25, 2022), *report-recommendation adopted*, 2022 WL 3097843 (N.D.N.Y. Aug. 4, 2022)).

[4] *See* Dkt. No. 3 at 7-8 (citing 42 U.S.C. §§ 12181(7)(A), 12182; *Alston v. Jarrell*, No. 3:14-CV-132, 2015 WL 418153, at *4 (D. Conn. Jan. 30, 2015) and *Reid v. Zackenbaum*, No. 05-CV-1569, 2005 WL 1993394, at *4 (E.D.N.Y. Aug.17, 2005)).

[5] *See* Dkt. No. 3 at 8 (citing *Genco v. Sargent & Collins LLP*, 18-CV-0107, 2018 WL 3827742, at *3 n.5 (W.D.N.Y. June 4, 2018)).

[6] *See* Dkt. No. 3 at 8 (citing *Chiesa v. New York State Dep't of Labor*, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009) and *Constantine v. Merola*, No. 20-CV-1012 (DNH/ML), 2020 WL 8450544, at *5 (N.D.N.Y. Nov. 6, 2020), *report-recommendation adopted*, 2021 WL 392487 (N.D.N.Y. Feb. 4, 2021)).

Furthermore, Magistrate Judge Dancks correctly reasoned that "even when liberally construed it appears the Complaint sounds in state common law." *Id*. at 9 n.6; *see* Dkt. No. 1 at 4, 6; *see also Burke v. Vonnard,* No. 5:15-CV-1133 (MAD/TWD), 2015 WL 13744417, at *5 (N.D.N.Y. Sept. 28, 2015) ("Federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters.") (citations omitted), *report-recommendation adopted*, 2016 WL 3176653 (N.D.N.Y. June 7, 2016); *Rosen v. Shore Towers Apartments, Inc*., No. 11-CV-0752, 2011 WL 2550733, at *5 (E.D.N.Y. June 27, 2011) (noting that courts in this Circuit "routinely dismiss for lack of subject matter jurisdiction" claims concerning eviction) (collecting cases).

Magistrate Judge Dancks expressed "serious doubts" that Plaintiff can amend the Complaint to state a claim over which the Court would have jurisdiction. Dkt. No. 3 at 10. Nevertheless, in deference to Plaintiff's *pro se* status, she recommended that Plaintiff's Complaint be dismissed with leave to amend. *Id*. The Court agrees that Plaintiff should be granted an opportunity to amend the complaint in light of her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[7]

IV. **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 3, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[7] The Court reiterates Magistrate Judge Dancks' admonition to Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim. *See* Dkt. No. 3 at 10 n.7.