UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PRISCILLA CHAVOUS,

                                            Plaintiff,

                                                                                              5:22-cv-00811 (AMN/TWD)

v.

HOUSING VISIONS UNLIMITED, INC., MARY
A. MARRONE, and JENNIFER ST. MARKS,

                                            Defendants.
_____

APPEARANCES:

PRISCILLA CHAVOUS
139 Maple Ter.
Syracuse, NY 13210
Plaintiff, *Pro se*

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

### I.  INTRODUCTION

On August 1, 2022, Priscilla Chavous ("Plaintiff") commenced this *pro se* action against Housing Visions Unlimited Inc., Mary A. Marrone, and Jennifer St. Marks (collectively "Defendants") by filing a form-complaint pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), along with an application to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.) The complaint alleged violations of the ADA that stemmed from the following conduct: "failure to make alterations to accommodate disability," "retaliation," and "other acts" performed by "Housing Visions and its staff harass and intimidate. They want the apartment to get more rent. They are trying to evict me from the apartment. They do not identify themselves." (Dkt. No. 1 at 4.)

By Order and Report-Recommendation issued October 17, 2022 (the "R&R"), the undersigned granted Plaintiff's IFP application for purposes of initial review, reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and recommended that Plaintiff's complaint be dismissed with leave to amend. (Dkt. No. 3.) On February 6, 2023, the Hon. Anne M. Nardacci, United States District Court Judge, adopted the R&R Report-Recommendation in its entirety and dismissed Plaintiff's complaint without prejudice and with leave to amend (the "February Order"). (Dkt. No. 5.)

On February 23, 2023, Plaintiff filed an amended complaint. (Dkt. No. 6.) For the reasons set forth below, the Court recommends dismissing the amended complaint.

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   Legal Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Thus, it is the Court's responsibility to determine whether Plaintiff may properly maintain a complaint before permitting it to proceed further.

### B.   Summary of the Amended Complaint

The following facts are set forth as alleged by Plaintiff. (Dkt. No. 6.) Plaintiff has glaucoma and cancer and Defendants failed to make alterations to accommodate her disability and retaliated against her. (Dkt. No. 6 at 2, 4.) She further complains of harassment,

intimidation, and a hostile environment. *Id*. at 4. She asks for a permanent injunction, and compensatory and punitive damages. *Id*. at 9.

In December 2009, Defendants were offering an "incentive" for "rent to own or the option to buy your own home." *Id*. at 5. Pursuant to the terms of the "agreement" and "binding contract," if Plaintiff "paid rent consecutively for 10 years . . . she would be able to own" the property at issue. *Id*. Defendants were "suppose[d] to help with the process." *Id*. at 6.

In May 2016, Defendants, along with the Syracuse Police "searched the home when Plaintiff was not at home." *Id*. Defendants were "trying" to "evict" Plaintiff but the "orders were dismissed." *Id*.

In April 2022, Plaintiff received an "infraction in the mail (infraction = violation) with the possibility of eviction stated on the infraction." *Id*. "The infraction stated to take down the greenhouse that was set up since last year." *Id*. at 7. She refused to take the greenhouse down and Defendant Marrone "called the police as retaliation." *Id*.

In June 2022, Plaintiff received another infraction stating Plaintiff "would not allow maintenance to take down the greenhouse." *Id*. Later that month, Plaintiff received "another infraction in mail by Defendant Marrone stating false allegations that Plaintiff harassed the neighbor." *Id*. However, "[t]he neighbor's sister harassed Plaintiff with violence and threatened Plaintiff's life." *Id*. "Police were involved (called) by Defendant Marrone." *Id*.

Based on the foregoing, Defendants are "attempting . . . to try to remove Plaintiff . . . a known tactic used by the Defendants in the past to create a hostile environment so Plaintiff [w]ould voluntarily leave" and they could "get more rent for the house." *Id*. at 8. Defendants are also in a "conspiracy" to "cover up their abuse of power and bad faith conduct." *Id*. Plaintiff

3

requests a permanent injunction and four million dollars in compensatory and punitive damages. *Id.* at 9.

### C. Analysis

The factual allegations against Defendants asserted in the amended complaint are substantially the same as those in the original complaint. (*Compare* Dkt. No. 6 *with* Dkt. No. 1.) Having carefully reviewed the amended complaint, the Court finds Plaintiff has failed to cure the deficiencies identified in the R&R and the February Order. (Dkt. Nos. 3, 5.) To that end, even when liberally construed, Plaintiff has not plausibly alleged a claim under the ADA. Moreover, Plaintiff has not alleged, and the Court has not been able to determine, any other basis for this Court's jurisdiction, either federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. (*See generally* Dkt. No. 6.) "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3); *Planck v. Schenectady Cty.*, No. 1:12-CV-0336 (GTS/DRH), 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) ("[L]ack of subject-matter jurisdiction is generally viewed as a substantive defect.") (footnote omitted).

Accordingly, and for the reasons set forth in the R&R and the February Order, the Court recommends dismissal of the amended complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. (*See* Dkt. Nos. 3, 5.) Because Plaintiff has already been provided an opportunity to amend her complaint, and the flaws in the amended complaint are substantive rather than merely formal, the Court recommends dismissal without leave to amend. *See Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019)

("If the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'") (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see, e.g.*, *Bivona v. McLean*, No. 9:19-CV-0303 (MAD/TWD), 2019 WL 2250553, at *6 (N.D.N.Y. May 24, 2019) (denying further leave to amend where the plaintiff has already been afforded an opportunity to amend his complaint and was specifically advised of the deficiencies in his original complaint).

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 6) be **DISMISSED**; and it is further

**RECOMMENDED** that Plaintiff be permitted to proceed IFP for purposes of initial review and any appeal;[1] and it is further

**RECOMMENDED** that the Clerk be ordered to enter judgment in Defendants' favor and close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order and Report-Recommendation on Plaintiff in accordance with the Local Rules of Practice, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.

---

[1] As noted, Plaintiff's application to proceed IFP (Dkt. No. 2) was granted solely for purposes of initial review.  (Dkt. No. 3.)

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

5

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: March 28, 2023
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

2012 WL 1977972
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jason S. PLANCK, Plaintiff,
v.
SCHENECTADY COUNTY, et al., Defendants.

No. 1:12–CV–0336(GTS/DRH).
|
June 1, 2012.

**Attorneys and Law Firms**

Jason S. Planck, of Counsel, Schenectady, NY, pro se.

Goldberg Segalla LLP, Jonathan M. Bernstein, Esq., William J. Greagan, Esq., of Counsel, Albany, NY, for Defendants.

*MEMORANDUM–DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

 ***1** Currently pending before the Court, in this *pro se* civil rights action filed by Jason S. Planck ("Plaintiff") against Schenectady County and fifteen of its legislators ("Defendants"), are the following four motions: (1) Plaintiff's motion for reconsideration of the Court's Decision and Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10); (2) Plaintiff's motion for a report from the Court regarding the status of his motion for reconsideration (Dkt. No. 30); (3) Plaintiff's motion for a preliminary injunction (Dkt. No. 4); and (4) Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17). For the reasons set forth below, Plaintiffs' three motions are denied; and Defendants' cross-motion is granted.

**I. RELEVANT BACKGROUND**

**A. Plaintiff's Claims**
Generally, when construed with the utmost of special liberality, Plaintiff's Complaint asserts three civil rights claims against Defendants-one claim asserting a violation of Rehabilitation Act of 1973, and two claims asserting violations of the Americans with Disabilities Act-arising from Schenectady County's ("the County") approval of a project labor agreement (to construct a new nursing home) that permits the hiring of only unionized construction workers, thus discriminating against qualified nonunionized construction workers with disabilities. (*See generally* Dkt. No. 1.) Because this Decision and Order is intended primarily for the review of the parties, and because Defendants (in their memorandum of law) accurately describe the claims and factual allegations asserted in Plaintiff's Complaint, the Court will not describe those claims and factual allegations in detail in this Decision and Order. Rather, the Court will refer the reader to pages 1 through 3 of Defendants' memorandum of law and paragraphs 2 through 4, and 7 through 44, of Plaintiff's Complaint. (Dkt. No. 17, Attach. 11, at 6–8 [attaching pages "1" through "3" of Defs.' Memo. of Law]; Dkt. No. 1, at ¶¶ 2–4, 7–44.)

**B. Briefing on the Parties' Motions**
Because the parties have demonstrated in their memoranda of law an adequate understanding of the legal arguments asserted in each other's motions, the Court need not, and does not, describe in detail those arguments in this Decision and Order. Rather, the Court will simply make two points.

First, generally, in their cross-motion to dismiss, Defendants assert the following three arguments: (1) Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1), because (a) the Court lacks subject-matter jurisdiction over Plaintiff's challenge to the County's project labor agreement (which must be presented by Plaintiff in an Article 78 proceeding in state court), and (b) Plaintiff, who is not a qualified construction worker but merely a taxpayer, lacks standing to challenge the County's approval of the project labor agreement; (2) in the alternative, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), because Plaintiff has failed to allege facts plausibly suggesting the elements of a claim under either Rehabilitation Act of 1973 or the Americans with Disabilities Act (particularly the element requiring that he be a *qualified* individual with a disability); and (3) in the alternative, Plaintiff's claims against the legislative Defendants should be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), because, based on Plaintiff's own factual allegations, those claims are either duplicative of Plaintiff's claims against the County or barred as a matter of law by the doctrine of legislative immunity. (Dkt. No. 17, Attach. 11, at 8–22 [attaching pages "3" through "17" of Defs.' Memo. of Law].)

**\*2** Second, in this District, when a party files a dispositive motion (such as a motion for a preliminary injunction),[1] that party is not entitled to file a surreply. N.D.N.Y. L.R. 7.1(b)(1). Furthermore, when a party files a nondispositive motion (such as a motion for reconsideration), that party is not even entitled to file a reply, without prior leave of the Court. N.D.N.Y. L.R. 7.1(b)(2). Finally, when a party files a cross-motion (such as a cross-motion to dismiss), that party is not entitled to file a reply on its cross-motion without prior leave of the Court. N.D.N.Y. L.R. 7.1(c). Even if it were permitted to file a reply, that reply may address only the party's own cross-motion, and not the opponent's original motion; otherwise, the "reply" would, in part, constitute a surreply.[2] Here, the parties have violated each of these rules, in addition to violating several filing deadlines. (Dkt. Nos. 23, 25, 31, 32; *see also* Text Notices filed March 9, 2012, and Apr. 2, 2012.)[3] As a result, the submissions contained in Docket Numbers 23, 25, 31 and 32 will not be considered by the Court. The Court would add only that, even if it were to consider the submissions, that consideration would not change the outcome of this Decision and Order.

[1]  See *Odom v. Senkowski,* 96–CV–0554, 1997 WL 458450, at \*1 (N . D.N.Y. Aug. 7, 1997) (Pooler, D.J.) ("Because Odom's request for a preliminary injunction is a dispositive motion, the magistrate judge's recommendations require de novo review.").

[2]  See *Carlwood Dev. Inc. v. U.S.,* 10–CV–1773, 2011 WL 69374, at \*1 (D.Nev. Jan. 10, 2011) (denying petitioner's motion to strike government's improper "cross-motion"—which did not "address[ ] any matters even remotely indicative of a motion for summary judgment" but rather merely responded to the matters raised by the petitioners in their opening brief-because "rather than striking any portion of the ['cross-motion'] itself, the Court will merely construe [it] as only a response to the [petitioner's] opening brief, and not a cross-motion," and strike the government's unauthorized reply on its improper cross-motion as "nothing more than a disingenuous attempt to get the last word").

[3]  The Court notes that, on February 28, 2012, Plaintiff receive a courtesy copy of the Local Rules of Practice for this Court. (*See* Docket Entry dated Feb. 28, 2012; Dkt. No. 9.)

## II. ANALYSIS

### A. Motion for Reconsideration

Generally, there are only three grounds upon which a district court may justifiably reconsider its previous ruling: (1) an intervening change in controlling law, (2) new evidence, or (3) a demonstrated need to correct a clear error of law or to prevent manifest injustice. *U.S. v. Sanchez,* 35 F.3d 673, 677 (2d Cir.1994), *cert. denied,* 514, U.S. 1038 (1995).

Here, after carefully considering the matter, Plaintiff's motion for reconsideration is denied for each of the numerous reasons offered by Defendants in their memorandum of law: Plaintiff has not satisfied the above-described standard. (Dkt. No. 17, Attach. 11, at 15–18 [attaching pages "10" through "13" of Defs.' Memo. of Law].)

The Court would add two alternative grounds for the denial of Plaintiff's motion. First, Plaintiff's motion is unsupported by a memorandum of law that is separate and apart from an affidavit, in violation of Local Rule 7.1. The Court notes that an affidavit may not contain legal argument. N.D.N.Y. L.R. 7.1(a)(2). Second, Plaintiff's motion is moot in that it seeks an order restraining Defendants from acting between a discrete time period (i.e., the time of the Court's decision on Plaintiff's motion a temporary restraining order and the time of the Court's decision on Plaintiff's motion for a preliminary injunction), which has, as of the date of this Decision and Order, already expired.

Finally, the Court notes that Plaintiff's motion for reconsideration also requested oral argument, and/or an expedited decision, on Plaintiff's motion for reconsideration. That request is denied as unsupported by a showing of cause and/or moot.

### B. Motion for a Status Report from the Court

**\*3** After carefully considering the matter, Plaintiff's motion for a status report from the Court is denied as unsupported by a showing of cause and/or moot.

### C. Motion for a Preliminary Injunction

Generally, the issuance of a preliminary injunction pursuant to Fed.R.Civ.P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on

the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 33 (2d Cir.1995).

Here, after carefully considering the matter, Plaintiff's motion for a preliminary injunction is denied for each of the numerous reasons offered by Defendants in their memorandum of law: Plaintiff has not satisfied the above-described standard: on the current record, Plaintiff has not established either irreparable harm or a likelihood of success on the merits. (Dkt. No. 17, Attach. 11, at 18–22 [attaching pages "13" through "17" of Defs.' Memo. of Law] .) Of particular concern to the Court is this latter deficiency (i.e., Plaintiff's failure to show a likelihood of success on the merits), which is exacerbated by the various substantive pleading defects in his Complaint. The Court would add only that, even setting aside these pleading defects, following the Court's denial of Plaintiff's motion for a temporary restraining order, Plaintiff did not supplement the record with the sufficient evidence to warrant a contrary finding. (*Compare* Dkt. No. 1 *and* Dkt. No. 4 *with* Dkt. No. 10 *and* Dkt. No. 22.)

### D. Defendants' Cross–Motion to Dismiss

#### 1. Legal Standard Governing Dismissal for Lack of Subject–Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir.2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova,* 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova,* 201 F.3d at 113 (citing *Malik v. Meissner,* 82 F.3d 560, 562 [2d Cir.1996] ). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir.2005) (citing *Makarova,* 201 F .3d at 113).

The Court notes that challenges to a litigant's standing are properly raised on a motion for lack of subject-matter jurisdiction. *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 88–89 & n. 6 (2d Cir.2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), ... the proper procedural route is a motion under Rule 12(b)(1)."); *A.C. v. Mattingly,* 05–CV–2986, 2007 WL 894268, at *3 (S.D.N.Y. March 20, 2007) ("The argument of lack of standing is properly raised under Rule 12(b)(1).").

#### 2. Legal Standard Governing Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted, Pursuant to Fed.R.Civ.P. 12(b)(6)

**\*4** It has long been understood that a dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed.R.Civ.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n. 17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id.* at 212, n. 18 [citations omitted]. [4]

[4] *See also Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) ( "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo,* 861 F .2d 40, 42 (2d Cir.1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

The Supreme Court has long characterized this pleading requirement under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id.*

at 212, n. 20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id.* at 212, n. 21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id.* at 213, n. 22 [citations omitted]; *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949–52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id .* at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.* [citations omitted].[5]

[5]   *See also Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007) ( "[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" ).

**\*5**  As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[6] It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se*

pleading) the Court stated, *"Specific* facts are not necessary" to successfully state a claim under Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[7]

[6]   *See, e.g., Jacobs v. Mostow,* 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' ") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.,* 521 F.3d 202, 215–16 (2d Cir.2008) (finding that borrower's *pro se* complaint sufficiently presented a *"plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[7]   For example, in *Erickson,* the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatitis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson,* 127 S.Ct. at 2199–2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatitis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis

Case 5:22-cv-00811-AMN-TWD   Document 7   Filed 03/28/23   Page 11 of 19
Planck v. Schenectady County, Not Reported in F.Supp.2d (2012)
2012 WL 1977972

C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees,* 01–CV–0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord,* 02–CV–1182, 2004 WL 526740, at *10 n. 11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright,* 234 F.Supp.2d 352, 360 (S.D.N.Y.2002); *McKenna v. Wright,* 01–CV–6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord,* 99–CV–3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson,* even the *pro se* plaintiff was required to allege some sort of fact.

In reviewing a complaint for dismissal under Fed.R.Civ.P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se.* However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[8] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12.[9] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[10] Stated more plainly, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted].

[8]  *Sealed Plaintif v. Sealed Defendant # 1,* No. 06–1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

[9]  *See Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner,* 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed.R.Civ.P. 8); *accord, Shoemaker v. State of Cal.,* 101 F.3d 108 (2d Cir.1996) (citing *Prezzi v. Schelter,* 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter,* 469 F.2d 691, within the Second Circuit]; *accord, Praseuth v. Werbe,* 99 F.3d 402 (2d Cir.1995).

[10]  *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California,* 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord, Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983); *cf. Phillips v. Girdich,* 408 F.3d 124, 128, 130 (2d Cir.2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading [ ]or prejudice the adverse party").

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[11] Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint-to the extent those papers are consistent with the allegations in the complaint.[12]

[11]  *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L–7 Designs, Inc. v. Old Navy, LLC,* No. 10–573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary

judgment is not necessary under Fed.R.Civ.P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir.2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.... Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint.... However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

12   *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir.1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir.1987) ( "In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, ... and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord,* 314 F.Supp.2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds,* 317 F.Supp.2d 160 (N.D.N.Y.2004) (Hurd, J.).

**3. Analysis**

*6  After carefully considering the matter, and applying the above-described legal standard, Plaintiff's motion for a preliminary injunction is denied for each of the three alternative reasons offered by Defendants in their memorandum of law. *See, supra,* Part I.B. of this Decision and Order (summarizing those reasons).

The Court would add only two points. First, although Plaintiff attaches 97 pages of exhibits in his opposition to Defendants' motion to dismiss for failure to state a claim, and a 23–page memorandum of law, the Court either (1) does not construe the allegations in those documents as consistent with the allegations in Plaintiff's Complaint or (2) finds the allegations in those documents to be insufficient to rescue the pleading defects contained in Plaintiff's claims. Second, although Plaintiff appears to now largely hinge his claims on *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581 (1999), and/or Fed.R.Civ.P. 23, the Court finds that reliance to be misplaced. (Dkt. No. 22, Attach. 1, at 4–8 .)

**4. Whether Dismissal Should Be With or Without Prejudice**

Generally, when a district court dismisses a *pro se* action *sua sponte,* the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank,* 171 F.3d 794, 796 (2d Cir.1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. [13]

13   *Shuler v. Brown,* 07–CV–0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report–Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer,* 07–CV–1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report–Recommendation by Lowe, M.J.); *Abascal v. Hilton,* 04–CV–1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 130 2008) (Kahn, J., adopting, on de novo review, Report–Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.,* 01–CV–3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.,* 16 F.Supp.2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis,* 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (citations omitted).[14] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco,* 222 F.3d at 103; *Brown,* 1997 WL 599355 at * 1.

14   *Accord, Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ( "[W]here ... there is no merit in the proposed amendments, leave to amend should be denied").

Here, the Court finds that the pleading deficiency in Plaintiff's claims are substantive and not merely formal. As an initial matter, lack of subject-matter jurisdiction is generally viewed as a substantive defect.[15] Even if the Court did possess subject-matter jurisdiction over Plaintiff's claims, the pleading defects in those detailed claims still appear substantive. For example, it does not appear to the Court that granting Plaintiff leave to amend his claims would likely be productive. Setting aside the fact that he has failed to correct those defects despite having had months in which to do so, the fact remains that he appears to insist on asserting nonactionable claims, rendering any amendment futile. (*See generally* Dkt. No. 22, Attach. 1.) As a result, the Court declines to afford Plaintiff an opportunity to amend his Complaint prior to dismissal.

15   *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile.").

However, because Defendants argued persuasively that Plaintiff should have presented his challenge to the County's project labor agreement in an Article 78 proceeding in state court, the Court dismisses Plaintiff's claims against the County without prejudice to refiling in state court within thirty (30) days of this Decision and Order.[16]

[16] The Court notes that, in addition, it expresses no opinion as to the merits of any claim, arising in the future, that Plaintiff may or may not bring pursuant to *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581 (1999).

**\*7 ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for reconsideration of the Court's Decision and Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10) is **DENIED;** and it is further

**ORDERED** that Plaintiff's motion for a report from the Court regarding the status of his motion for reconsideration (Dkt. No. 30) is **DENIED;** and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED;** and it is further

**ORDERED** that Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17) is **GRANTED;** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice EXCEPT** for his claims against Schenectady County, which are **DISMISSED without prejudice** to refiling in state court within **THIRTY (30) DAYS** of this Decision and Order.

*The Court hereby certifies, for purposes of* 28 U.S.C. § 1915(a) (3), *that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1977972

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:22-cv-00811-AMN-TWD   Document 7   Filed 03/28/23   Page 15 of 19

Bivona v. McLean, Not Reported in Fed. Supp. (2019)
2019 WL 2250553

**2019 WL 2250553**
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Joseph BIVONA, Plaintiff,
v.
Bryan S. MCLEAN, et al., Defendants.

9:19-CV-0303 (MAD/TWD)
|
Signed 05/24/2019

**Attorneys and Law Firms**

JOSEPH BIVONA, 18-R-1155, Plaintiff, pro se, Franklin Correctional Facility, P.O. Box 10, Malone, NY 12953.

### DECISION AND ORDER

Mae A. D'Agostino, U.S. District Judge

**I. INTRODUCTION**

*1 Plaintiff Joseph Bivona commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 2 ("Compl."); Dkt. No. 7 ("IFP Application").[1] By Decision and Order of this Court filed April 9, 2019, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 10 (the "April 2019 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* Presently before this Court is plaintiff's amended complaint. Dkt. No. 11 ("Am. Compl.").

[1] This case was transferred to the Northern District of New York from the Southern District of New York on March 6, 2019. *See* Dkt. No. 5. Thereafter, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 6. Plaintiff then properly filed his IFP Application, together with an inmate authorization form, and this action was re-opened. Dkt. Nos. 7, 8, and 9.

**II. DISCUSSION**

**A. The Complaint and April 2019 Order**
In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Ulster Correctional Facility ("Ulster C.F."). *See generally* Compl.

The complaint was construed to assert Fourteenth Amendment due process claims against Corrections Officer McLean, Corrections Officer Crandall, Senior Offender Rehabilitation Coordinator C. Loarca, and DOCCS Commissioner Annucci based on allegations that plaintiff was wrongfully confined in a special housing unit ("SHU") for seventy-three days as a result of a false misbehavior report, false statements, and a denial of procedural due process at a disciplinary hearing. *See* April 2019 Order at 4-5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* April 2019 Order at 8-10.

**B. Review of the Amended Complaint**
Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2019 Order and it will not be restated in this Decision and Order. *See* April 2019 Order at 2-4.

Plaintiff's amended complaint contains new allegations regarding the incident giving rise to the misbehavior report at issue, the conditions of his SHU confinement, and defendant Annucci's alleged personal involvement in the identified constitutional violations. *See generally*, Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

*2 On June 17, 2018, defendant McLean "found contraband ... in an area in which any inmate or correction officer has access." Am. Compl. at 3. Plaintiff "was not present" when the contraband was located. *Id.*

Instead of conducting an investigation, defendant McLean determined that plaintiff was responsible for the contraband. Am. Compl. at 3. Defendant McLean spoke with his supervisor, defendant Crandall, who "made a fabricated statement" that resulted in a false misbehavior report prepared by defendant McLean, which charged plaintiff with responsibility for the contraband. *Id.* Plaintiff was "illegally" placed in SHU following the discovery of the contraband, prior to being afforded a disciplinary hearing. *Id.*

Thereafter, plaintiff received a disciplinary hearing, where defendant Loarca acted as the hearing officer. Am. Compl. at 3. Although the false statements in the misbehavior report were "not hard to comprehend[,]" and defendant Loarca "knew something was sadly wrong[,]" defendant Loarca found plaintiff guilty of the charges and sentenced him to an unidentified amount of time in SHU. *Id.*

While in SHU, plaintiff "suffered breathing problems ... due to pepper spray used at the facility[,]" was deprived of fresh air because "the windows were broken and made to stay shut[,]" had only cold water for showering, with no curtain for privacy, and was denied hot meals and one of his daily meals on six different days. Am. Compl. at 4-5. Plaintiff was released from SHU on August 28, 2018, following a reversal of the disciplinary hearing determination. *Id.* at 5. As of that date, plaintiff had spent a total of seventy-three days confined in SHU. *Id.*

Liberally construed, the amended complaint asserts Fourth Amendment privacy claims, Eighth Amendment conditions-of-confinement and failure-to-protect claims, Fourteenth Amendment due process claims, and related state law claims against each of the defendants. *See generally*, Am. Compl. Plaintiff's claims against defendant Annucci are asserted under a theory of supervisory liability. *Id.* at 6.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### 1. Fourth and Eighth Amendment Claims

Plaintiff's Fourth and Eighth Amendment claims are based on the alleged constitutional violations that occurred while plaintiff was confined in SHU. The amended complaint lacks any allegations which plausibly suggest that any of the named defendants directly participated in any of the alleged deprivations plaintiff suffered while in SHU, or were aware of the conditions of plaintiff's SHU confinement at any point prior to his release from SHU.

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.' " *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to ... § 1983 suits." *Iqbal* 556 U.S. at 676; *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.").

*3 Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" in an alleged constitutional violation only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[2]

2   The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal*] may have heightened the requirements for showing

Case 5:22-cv-00811-AMN-TWD   Document 7   Filed 03/28/23   Page 17 of 19

Bivona v. McLean, Not Reported in Fed. Supp. (2019)
2019 WL 2250553

a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon, 720 F.3d at 139*)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

With respect to the third *Colon* factor, "[a] policy or custom can be explicitly established in an adopted rule or regulation, or may exist if the 'violative practice is persistent and widespread,' and if the acts of subordinate employees 'imply the constructive acquiescence of senior policy-making officials.' " *Mitchell v. Cuomo*, No. 9:17-CV-0892 (TJM/DJS), 2017 WL 8780773, at *5 (N.D.N.Y. Dec. 6, 2017) (quoting *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 453 (S.D.N.Y. 2004)). "Allegations that an abusive policy existed are not enough to state a claim." *Mitchell*, 2017 WL 8780773, at *5. Rather, a plaintiff "must allege facts that suggest how and when the supervisory defendant was on notice of previous incidents." *Id.* (citing *Carpenter v. Apple*, No. 9:15-CV-1269 (GTS/CFH), 2017 WL 3887908, at *10 (N.D.N.Y. Sept. 5, 2017) (finding that the plaintiff adequately plead liability under the third *Colon* factor because he alleged that the defendant was on notice of previous incidents at the facility involving male corrections officers having inappropriate sexual contact with female detainees); *Plair v. City of New York*, 789 F. Supp. 2d 459, 466 (S.D.N.Y. 2011) (dismissing the plaintiff's allegations of a policy or custom due to "the passage of time and the installation of a new DOC Commissioner and other supervisory staff between the prior violent incidents and the alleged abuse of Plaintiff")); *see also Rahman v. Fischer*, No. 08-CV-4368, 2010 WL 1063835, at *5 (S.D.N.Y. Mar. 22, 2010) (finding allegation that defendant "received 'several' complaints of staff assaulting prisoners" to be "an insufficient allegation of notice of any policy or custom of assaults by correction officers"); *Martin v. Patterson*, No. 9:09-CV-1372 (LEK/ATB), 2010 WL 3033796, at *3 (N.D.N.Y. July 16, 2010) ("Plaintiff's conclusory allegations that defendants failed to properly train staff and investigate the matter, and that current policy condones excessive force, is not enough to establish that defendant Carlsen (or any defendant) was aware of any history of excessive force toward plaintiff or at Ulster in general."), *report and recommendation adopted by* 2010 WL 3033809 (N.D.N.Y. Aug. 3, 2010).

 *4 With respect to the fourth *Colon* factor, a "plaintiff must show that the defendant knew or should have known that there was a high degree of risk that his subordinates would behave inappropriately, but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to Plaintiff." *Samuels v. Fischer*, 168 F. Supp. 3d 625, 638 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). "Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability." *White v. Fischer*, No. 9:09-CV-0240 (DNH/DEP), 2010 WL 624081, at *6 (N.D.N.Y. Feb. 18, 2010).

Plaintiff's allegation that defendants Crandall, McLean, and Loarca were responsible for his wrongful SHU confinement is not enough to plausibly suggest their personal involvement in any constitutional violation that occurred while plaintiff was in SHU. Moreover, with respect to defendant Annucci, plaintiff's allegations of personal involvement based on defendant Annucci's alleged creation or ratification of a policy under which the alleged constitutional violations occurred, and failure to adequately hire and train DOCCS employees, are entirely conclusory. For example, plaintiff has not articulated in any respect the nature of any purported custom or policy at Ulster C.F. under which any alleged constitutional violations occurred. Similarly, the amended complaint lacks any allegations which plausibly suggest that defendant Annucci knew or should have known that there was a high degree of risk that officials overseeing the SHU at Ulster C.F. would take steps to deny plaintiff access to a shower curtain, hot water for showering, meals, and a working window. *See, e.g., Nash v. McGinnis*, 585 F. Supp. 2d 455, 460 (W.D.N.Y. 2008) ("Although plaintiff need not plead facts in great detail, the formulaic allegation that [the Superintendent] was aware of the alleged violations and did nothing to stop them from occurring, without some factual allegations to explain the basis for that conclusion, is insufficient to render it plausible that [the Superintendent] was personally involved in the alleged constitutional deprivations.").

Accordingly, plaintiff's Fourth and Eighth Amendment claims against defendants Crandall, McLean, Loarca, and Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Fourteenth Amendment Claims

In the April 2019 Order, the Court discussed the applicable legal standard governing plaintiff's Fourteenth Amendment

due process claims, which will not be repeated herein. *See* April 2019 Order at 5-8.

As with the original complaint, plaintiff's amended complaint once again lacks any allegations explaining how plaintiff was denied due process during his disciplinary hearing. Plaintiff does not allege, for example, that he was denied (1) access to an assistant, (2) requested documents or witnesses, or (3) an opportunity to testify or challenge documents or witnesses presented.[3] Nor does he allege that defendant Loarca relied solely on a false misbehavior report in finding him guilty of the charges therein.[4] Instead, plaintiff alleges, in entirely conclusory fashion, that defendant Loarca "did not know how hearings are to proceed[,]" failed to "comprehend the false statements in the misbehavior report[,] ... refused to properly investigate[,]" and conducted a "one sided" hearing despite knowing "something was sadly wrong[.]" Am. Compl. at 3. These allegations are insufficient to plausibly suggest that plaintiff was not afforded the requisite process to which he was entitled. *See, e.g., Gillard v. Rovelli*, No. 9:12-CV-083 (LEK/CFH), 2014 WL 4060025, at *2, *13 (N.D.N.Y. Aug. 14, 2014) (granting motion for judgment on the pleadings and dismissing due process claim against hearing officer, noting that inmate's allegation that hearing officer failed to act as an impartial hearing officer and "staged" the hearing was entirely conclusory); *De Ponceau v. Bruner*, No. 9:09-CV-0605 (GTS/DEP), 2012 WL 1030415, at *10 (N.D.N.Y. Feb. 21, 2012) (noting that plaintiff's allegation that hearing officer conducted a "one sided" Tier III disciplinary hearing was entirely conclusory, and recommending dismissal of procedural due process claim for failure to state a claim upon which relief may be granted), *report and recommendation adopted by* 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012); *Rush v. Canfield*, 649 Fed. App'x 70, 71 (2d Cir. 2016) ("Rush's assertion that he was 'denied the right to call witnesses and the right to assistance,' ... is a bare legal conclusion incapable of surviving a motion to dismiss").

[3] Plaintiff also does not allege how long he was confined in SHU prior to the conclusion of his disciplinary hearing, or any facts which plausibly suggest that the conditions of his SHU confinement during this unidentified period were "atypical" in relation to the ordinary incidents of prison life.

[4] The amended complaint is also devoid of any facts which plausibly suggest that defendants McLean and/or Crandall made false statements in retaliation for plaintiff's engagement in some protected activity.

**\*5** Accordingly, plaintiff's Fourteenth Amendment due process claims against defendants Crandall, McLean, Loarca, and Annucci are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. State Law Claims

Based on the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this time. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed). The Court would add only that "[v]iolations of state law do not give rise to liability under § 1983." *Price v. Cully*, No. 9:11-CV-0977 (LEK/TWD), 2012 WL 4109024, at *3 (N.D.N.Y. Aug. 30, 2012) (citing *Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990)), *report and recommendation adopted by* 2012 WL 4107753 (N.D.N.Y. Sept. 18, 2012); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009) ("A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983."); *see also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983 ...").

### III. CONCLUSION

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. Accordingly, and in light of the foregoing, plaintiff's amended complaint is dismissed in its entirety.

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.)

Case 5:22-cv-00811-AMN-TWD   Document 7   Filed 03/28/23   Page 19 of 19

Bivona v. McLean, Not Reported in Fed. Supp. (2019)
2019 WL 2250553

("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 Fed. App'x 388 (2d Cir. 2009); *accord*, *Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. Mar. 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. Mar. 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[5]

[5] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend was not an abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of pro se plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings.... His equal protection claim is dismissed."), *aff'd*, 71 Fed. App'x 90 (2d Cir. 2003).

**\*6** In this case, plaintiff has already been afforded an opportunity to amend his complaint. In addition, plaintiff was specifically advised of the deficiencies in his original complaint with respect to his Fourteenth Amendment disciplinary due process claims, yet he once again failed to offer any non-conclusory allegations regarding his disciplinary hearing, and the process he was not afforded.

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[6]

[6] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 2250553

---

**End of Document**    © 2023 Thomson Reuters. No claim to original U.S. Government Works.