**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PRISCILLA CHAVOUS,

                          Plaintiff,                5:22-cv-811 (AMN/TWD)

v.

HOUSING VISIONS UNLIMITED, INC., MARY
A. MARRONE, and JENNIFER ST. MARKS,

                          Defendants.

---

**APPEARANCES:**

**PRISCILLA CHAVOUS**
139 Maple Ter.
Syracuse, NY 13210
Plaintiff, *Pro Se*

**Hon. Anne M. Nardacci, United States District Judge:**

### ORDER

**I.    INTRODUCTION**

On August 1, 2022, Plaintiff *pro se*, Priscilla Chavous, filed a form-complaint pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"),against Housing Visions Unlimited Inc., Mary A. Marrone, and Jennifer St. Marks (collectively "Defendants").  Dkt. No. 1 ("Complaint").  Specifically, Plaintiff alleged violations of the ADA that stem from the following conduct: "failure to make alterations to accommodate disability," "retaliation," and "other acts" including that "Housing Visions and its staff harass and intimidate.  They want the apartment to get more rent.  They are trying to evict me from the apartment.  They do not identify themselves."

*Id*. at 4.[1]

Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on October 17, 2022, issued an Order and Report-Recommendation ("October Report-Recommendation") granting Plaintiff's application to proceed IFP for purposes of initial review and recommending that Plaintiff's Complaint be dismissed with leave to amend. *See* Dkt. No. 3 at 10. On February 6, 2023, this Court adopted Magistrate Judge Dancks' October Report-Recommendation in its entirety. *See* Dkt. No. 5 ("February Order"). On February 23, 2023, Plaintiff timely filed an Amended Complaint. Dkt. No. 6 ("Amended Complaint").

On March 28, 2023, Magistrate Judge Dancks issued an Order and Report-Recommendation ("Report-Recommendation") recommending that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, without leave to amend. *See* Dkt. No. 7 at 4. Magistrate Judge Dancks advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 5-6 & n.2. Plaintiff has not filed any objections to the Report-Recommendation and the time for filing objections has expired. For the reasons set forth below, this Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*,

---

[1] For a complete recitation of the relevant facts, the parties are referred to the Report-Recommendation, Dkt. No. 7.

2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, the court reviews a magistrate judge's report-recommendation for clear error.  *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because Plaintiff has not filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks' Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under 28 U.S.C. § 1915(e)(2) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7 at 2-4.  Magistrate Judge Dancks concluded that the allegations in Plaintiff's Amended Complaint are "substantially the same" as those in Plaintiff's original complaint, *compare* Dkt. No. 6, *with* Dkt. No. 1, and fail to cure the deficiencies identified in Magistrate Judge Dancks' October Report-Recommendation and the February Order.  *See* Dkt. No. 7 at 4.  As a result, Magistrate Judge Dancks concluded that Plaintiff failed to plausibly allege a claim under the ADA, or any other basis for this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  *Id.*

Magistrate Judge Dancks determined that because Plaintiff was already advised of the deficiencies in her original Complaint and provided with an opportunity to amend the Complaint, and because the flaws in her Amended Complaint are "substantive rather than merely formal," granting Plaintiff leave to amend again would be futile.  *Id.* at 4-5.[2]  *See Bivona v. McLean*, No.

---

[2] While district courts give deference to *pro se* complaints, "dismissal is appropriate where leave to amend would be futile."  *Tylicki v. Schwartz*, 401 Fed. App'x 603, 604 (2d Cir. 2010) (citation omitted).

9:19-CV-0303 (MAD/TWD), 2019 WL 2250553, at *6 (N.D.N.Y. May 24, 2019) (denying leave to amend again where plaintiff has already been afforded an opportunity to amend his complaint and was specifically advised of the deficiencies in his original complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding amendment would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

IV.  **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation, Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 6, is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 23, 2023
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

4